IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT D. HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-441-MJR |
| | ) |
| JERRY PARSLEY | ) |
| and JOHN HAMMOND, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Scott Hunt, currently an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible on its face "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May 18, 2009). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Hunt states that in May 2007, he was in custody of the Clark County Jail, pending resentencing on a remand from the appellate court. He states that each cell has just two beds, and those without a bed must put their sleeping mats on the floor. Hunt was one such inmate, and the only space on the floor was near the toilet. Hunt asked for cleaning supplies after his first night on the floor, but he was told that cleaning supplies were only available on Fridays. The next week, Hunt was moved to a new cell when a bed became vacant, where he remained off the floor for about a month. On June 21, 2007, due to suicidal tendencies of a new inmate, Hunt and his cell mate were moved to another cell already occupied by two other inmates. Once again, Hunt had to sleep on the floor. One night, one of his cell mates got up to use the toilet; unfortunately, Hunt was splashed in the face with water and urine. On July 26, 2007, Hunt was resentenced and then transferred to the Graham Correctional Center.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Although the conditions described by Hunt were unpleasant and certainly regrettable, it is

2

clear that he was subjected to these conditions for only a few weeks. "The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985). Lapses from minimum standards of sanitation may be excusable where such conditions are temporary and affect only a few individuals. *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994); *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988). Although the Court empathizes with Hunt, he has failed to state a claim upon which relief may be granted.

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Hunt is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 28th day of May, 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**