# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT D. HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-441-MJR |
| | ) |
| JERRY PARSLEY | ) |
| and JOHN HAMMOND, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Several motions are pending in this action. The Court will first address Plaintiff's motion to alter judgment (Doc. 9). A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). In his motion, Plaintiff does not argue that the Court erred in the law or in interpreting the facts alleged in the complaint, nor does he present newly discovered evidence. Instead, he merely seeks to amend his complaint to add additional defendants and to embellish his claims with exhibits. However, his proposed amended complaint and exhibits do not cure the shortcomings of his original complaint; he simply has no federal constitutional claim based upon the events that occurred in Clark County Jail from May 11-July 26, 2007. Thus, his motion to alter judgment is **DENIED**.

Plaintiff also filed a motion for reconsideration (Doc. 10). In this motion, he explains that

after filing this action, he learned about the grievance process at the jail and thus, on November 3, 2008, he began the process of exhausting his grievances, which he apparently completed. However, the fact that he later exhausted his grievances has no bearing on the Court's dismissal of this action. The Court dismissed the case on the merits, finding that he had failed to state a claim upon which relief may be granted. Thus, the instant motion is also **DENIED**.

Plaintiff also seeks leave to file an amended complaint (Doc. 7). A plaintiff may amend the pleadings after the entry of judgment, however, "the presumption in favor of liberality in granting motions to amend [under Rule 15(a)] is reversed after judgment has been entered." *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002), *quoting Vicom Inc. v. Harbridge Merchant Services Inc.*, 20 F.3d 771, 785 n. 13 (7th Cir. 1994). Where a plaintiff wishes to amend his complaint after judgment, he may do so only after the judgment has been vacated or set aside pursuant to either Federal Rule of Civil Procedure 59(e) or 60(b) and the case has been reopened. *See Sparrow v. Heller*, 116 F.3d 204, 205 (7th Cir. 1997). Because the Court has denied his motions to vacate judgment, this motion is also **DENIED**.

All that remains is Plaintiff's motion for appointment of counsel (Doc. 8). Because this case is closed, this motion is **MOOT**.

**IT IS SO ORDERED.**

**DATED this 6th day of July, 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**